

Exhibit 1  1/9/2019

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| Edward F. Delker, ) | |
| ) | |
| Plaintiff, ) | Cause No. |
| ) | |
| v. ) | Div. No. |
| ) | |
| MasterCard International Inc.; and ) | Contract - Other |
| MasterCard Technologies, LLC ) | |
| ) | Jury Trial Demanded |
| **Serve: Registered Agent** ) | |
| **CT Corporation System** ) | |
| **120 South Clayton Avenue** ) | |
| **Clayton, MO 63105** ) | |
| ) | |
| Defendants. ) | |

## PETITION

COMES NOW Plaintiff, and for his causes of action against Defendants, states:

1.  That Plaintiff Edward F. Delker (hereinafter "Plaintiff") is a resident of St. Charles County, Missouri; and the incident and events hereinafter described occurred in St. Charles County, Missouri.

2.  That Defendant MasterCard International Inc. is a Delaware Corporation with its principal office and place of business at 2200 MasterCard Boulevard, O'Fallon, St. Charles County, Missouri 63368-7263.

3.  That Defendant MasterCard Technologies, LLC is a Delaware Limited Liability Company with its principal office and place of business at 2200 MasterCard Boulevard, O'Fallon, St. Charles County, Missouri, which has assumed the liabilities and obligations of MasterCard International, Inc.

4.  That Plaintiff's deceased wife Julia Delker was an employee of Defendant MasterCard International Inc. from January 1, 1997 to February 29, 2016; and an employee

of Defendant MasterCard Technologies, LLC from March 1, 2016 until her death on August 2, 2016.

5. That since September 1, 2011 and for each year she was an employee of Defendants until her death, in consideration of her continued employment, Defendants promised Julia Delker that: "If you were hired on or before December 31, 2001, you will receive enough "credits" to elect up to three-times your salary for life insurance"; and said "credits" would be used by Defendants to fund a life insurance benefit it provided for Julia Delker.

6. That one of the benefits Julia Delker "elected" is called "Life Employer Credit – MasterCard (Employee)" and it provided life insurance of two-times Julia Delker's $144,000 annual salary, paid by MasterCard. As stated in Defendants' "Submit Elections Confirmation" Contract, Julia Delker did not elect (she waived) employee paid "Optional Life Insurance".

7. That on December 11, 2012, Julia Delker was diagnosed with breast cancer. She had both breasts removed in the spring of 2013. She took chemotherapy, but her cancer spread to other parts of her body. In March of 2016, a scan showed that the cancer was continuing to spread; and that chemotherapy was no longer effective. On August 2, 2016, Julia Delker died.

8. That at the time of her death on August 2, 2016, Julia Delker was an employee of Defendant MasterCard Technologies, LLC; and Plaintiff, as her surviving spouse and life insurance designated beneficiary, was entitled to her Employer paid life insurance benefit of three-times her annual salary of $144,000.

9. That at all times after December 12, 2012, Defendants were aware of Julia Delker's cancer and her need to continue her existing life insurance benefits uninterrupted, since she was no longer insurable under Defendants' Employer paid Optional Group Life Insurance Program.

10. That shortly after Julia Delker's death, the Director of Global Benefits for MasterCard advised Plaintiff Edward Delker in a letter dated August 8, 2016 that: "On behalf of MasterCard, we wish to extend our condolences to you for the loss of your loved one Julia. You are eligible for a life insurance benefit of $432,000 subject to the Plan Provisions. Please complete the enclosed Beneficiary Statement and return it to me along with a Certified Death Certificate that shows the final cause/manner of death for Julia".

11. That as directed, Plaintiff completed Defendants' "Beneficiary Statement" and returned it to Defendant's Director of Global Benefits.

12. That thereafter Defendants also sent Plaintiff copies of additional MasterCard records which stated that Julia Delker's life insurance benefits at the time of her death were three-times her annual earnings (a total of $432,000). Defendants also provided Plaintiff with copies of its records which stated that Julia Delker had two "Core" insurance benefits to which Plaintiff was entitled: "Benefit (1) Basic Term Life $144,000; and Benefit (2) Group Universal Life $288,000". This was not true. The Life Insurance benefit "elected" by Julia Delker was not "Group Universal Life"; but rather the life insurance benefit elected in Julia Delker's "Election Confirmation" Contract called "Life Employer Credit-MasterCard Employee".

13. That Defendant MasterCard Technologies, LLC subsequently provided Plaintiff a copy of its "Group Life Insurance Claim" form submitted under penalty of "fraud"

3

by Defendant's Director of Global Benefits which confirmed that: "Julia Delker's benefits at MasterCard Technologies, LLC; ...Core Employee Life – Prudential (Employee), Coverage Begin Date 1/1/12, 1 x Salary Calculated Coverage $144,000.00, Beneficiaries Edward Delker, Employee Cost (Semi-monthly) (none), Employer Contribution (Semi-monthly) $8.12. Life Employer Credit – MasterCard (Employee), Coverage Begin Date 9/1/11, 2 x Salary Calculated Coverage $288,000.00, Employee Cost (Semi-monthly) (none) Employer Contribution (Semi-monthly) $24.34."

14. On September 20, 2016, Defendant's Director of Global Benefits sent another letter to Plaintiff stating: "Please accept our sincere condolences for your loss. As we discussed, there is a correction on Julia's life insurance coverage. We initially understood Julia was eligible for optional life insurance in the amount of twice her salary, but a review of her enrollment records revealed that the coverage was not elected. The Basic Life insurance coverage of one times salary is provided by MasterCard and the claim has been submitted to and approved by Prudential. We apologize for this misunderstanding."

15. That Defendant's September 20, 2016, letter misstates Julia Delker's elected contractual benefit ("Elections Confirmation" contract). Julia Delker as stated did not elect (waived) "Optional Life" insurance; which was not an "elected benefit" but rather was part of an Employer Group Life Insurance Plan. Julia Delker's "Submit Elections Confirmation" contract benefit was the free life insurance benefit which is identified in her "Submit Elections Confirmation" contract as "Life Employer Credit – MasterCard (Employee)".

16. The Life Insurance benefit elected by Julia Delker in her "Submit Elections Confirmation" Contract – Life Employer Credit – MasterCard (Employee)", was a benefit which Defendant had originally agreed to provide to Julia Delker and other employees

4

hired on or before December 31, 2001. "MasterCard Worldwide 2008 U.S. Open Enrollment Guide" page 11, footnote number 2: "If you were hired on or prior to December 31, 2001, you will receive enough credits to elect up to three-times your salary for the life insurance and 66% of your basic annual salary for LTD." "The core benefits are covered 100% by MasterCard. You cannot opt out of these benefits".

17. That after discovering it had not paid or otherwise self-funded Julia Delker's "Life Employer Credit-MasterCard (Employee)" life insurance benefit with The Prudential Insurance Company of America or any other insurance carrier, Defendant MasterCard sent Plaintiff a letter stating that its records did not indicate that Julia Delker had purchased "Optional Life Insurance". This is true. The life insurance benefit to which Plaintiff is entitled is not "Optional Life Insurance" paid for by the Employee; but rather the "Submit Elections Confirmation" contract benefit (Exhibits A, B, C, and D) called "Life Employer Credit-MasterCard (Employee)" for $244,000.

## COUNT I – FRAUD

COMES NOW Plaintiff and for his cause of action against Defendants for fraud states:

18. Plaintiff incorporates by reference each and every allegation set out in paragraphs 1 through 17 of this Petition.

19. That after Julia Delker died, Defendants first admitted and then denied that they had agreed to provide Julia Delker an employer paid life insurance benefit of $288,000 (two-times her annual salary). Defendants also failed to disclose to Plaintiff that Julia Delker was entitled to a life insurance benefit called "Life Employer Credit – MasterCard (Employee)"; and misrepresented to Plaintiff that his wife's only Employer paid life insurance benefit was one year's salary ($144,000) Employer paid Life Insurance.

5

20. That Defendants' misrepresentation, denying that it had agreed to provide a three (3) years Employer paid life insurance benefit to Julia Delker ("Submit Elections Confirmation" contract) "Life Employer Credit – MasterCard (Employee)", and Defendants' statements to Plaintiff that his wife had waived an alleged Employee paid benefit called "Optional Life" insurance, were misleading and false; that in fact Julia Delker, and Plaintiff as her beneficiary, were entitled to an Employer paid life insurance benefit (Life Employer Credit – MasterCard (Employee) of $432,000; that Defendants knew said statements and denials were false; and that said statements and denials were made with an intent to mislead and deceive Plaintiff.

21. That as a result of Defendants fraudulent statements and misrepresentations and/or reckless indifference to the Plaintiff's rights, Plaintiff, as the beneficiary of Julia Delker's contractual life insurance benefit, "Submit Elections Confirmation", has been damaged in the amount of $288,000 actual damages plus punitive damages of $500,000, or five-times the net amount of any judgment awarded Plaintiff, against Defendant(s) pursuant to *MoRevStat § 510.265*.

WHEREFORE, Plaintiff prays judgment against Defendant(s) in the amount of $288,000 actual damages plus punitive damages of $500,000, or five times the net amount of any judgment awarded Plaintiff, against Defendant(s) plus interest and costs.

### COUNT II – BREACH OF CONTRACT

COMES NOW Plaintiff and for his cause of action against Defendants for breach of contract states:

22. That Plaintiff incorporates by reference in Count II each and every allegation set out in paragraphs 1-21 of this Petition.

6

23. That on or prior to September 1, 2011, 2012, 2014 and 2015-16, Defendants entered into employment contracts identified as "Submit Elections Confirmation" with Julia Delker in which Defendants agreed to provide Julia Delker, in consideration of her continued employment by Defendants, an Employer funded life insurance benefit described as "Life Employer Credit-MasterCard (Employee)" pursuant to which she would receive an employer paid life insurance benefit of "3 x her Salary" ($432,000) at no cost to her, with premiums paid semi-monthly by the Defendants, her employer. Defendants further agreed that "The Core Benefits are covered 100% by MasterCard. You cannot opt out of these benefits."

24. That following Julia Delker's death, Plaintiff, as beneficiary, made demand for said life insurance benefits in the amount of $432,000; Defendants only paid Plaintiff $144,000 of said benefit but refused to pay the balance of $288,000, and that Plaintiff was thereby damaged in the amount of $288,000.

WHEREFORE, Plaintiff prays judgment against Defendants in the amount of $288,000 plus interest and costs.

### COUNT III – NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

COMES NOW Plaintiff and for his cause of action against Defendants for negligence states:

25. That Plaintiff incorporates by reference each and every allegation set out in paragraphs 1-24 of this Petition.

26. That at all times herein mentioned, Julia Delker was an Employee of Defendants and that Defendants owed its employee Julia Delker a fiduciary duty of trust

7

and competence with respect to the payment, management and control of her agreed benefits and escrowed funds.

27. That from September 1, 2011, until the time of her death on August 2, 2016, Defendants failed to provide adequate and appropriate information to Julia Delker indicating that her life insured benefits were being escrowed or otherwise accounted for by Defendants in order to provide her the elected life insurance benefits described in her "Submit Elections Conformations"; and that as a result, Julia Delker's "credits" and related life insurance benefits were never funded or accounted for.

28. That after Julia Delker's death on August 2, 2016, Defendants initially produced contract documents indicating that Plaintiff, as beneficiary, was entitled to Julia Delker's free insurance benefits of $432,000. Defendants later told Plaintiff that they had made an "accounting error", that the "credits" of her free life insurance benefit had been paid by Defendants to Julia Delker as wages, and that there was no $288,000 life insurance ("2 x salary" benefit) due Plaintiff. Defendants also told Plaintiff that Julia Delker had no $288,000 life insurance benefit because she had not purchased (had waived) employee paid "Optional Group Insurance".

29. That as a direct and proximate result of the negligence and carelessness of Defendants and breach of Defendants' fiduciary duty, Julia Delker's agreed employer paid life insurance benefit "Life Employer Credit – MasterCard (Employee)" was not funded or otherwise accounted for, and that Plaintiff, as her beneficiary, was damaged in the amount of $288,000.

30. That as a direct and proximate result of the negligence and carelessness of Defendants and breach of their fiduciary duty, Julia Delker was not provided with her

Submit Elections Contractual life insurance benefit "Life Employer Credit – MasterCard (Employee)" (Exhibits A, B, C and D); and Plaintiff, her life insurance beneficiary, was damaged in the amount of $288,000.

31.     That in addition to special damages, Plaintiff is entitled to punitive damages of $500,000.00 or five times the net amount of any judgment awarded Plaintiff, as Defendants showed reckless indifference and/or conscious disregard for the rights of Julia Delker and the Plaintiff.

WHEREFORE, Plaintiff prays judgment against Defendants in the amount of $288,000, plus punitive damages of $500,000.00 or five times the net amount of any judgment awarded Plaintiff, plus costs.

Respectfully submitted,

MOGAB & HUGHES ATTORNEYS, P.C.

By: _____
Richard L. Hughes, #17481
David G. Hughes, #47676
Attorneys for Plaintiff
701 Market Street, Suite 1510
St. Louis, Missouri 63101
314-241-4477 (Office)
314-241-4475 (Facsimile)
richardhughes@mogabandhughes.

9



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>RICHARD KEVIN ZERR | Case Number: 1811-CC01122 |
|---|---|
| Plaintiff/Petitioner:<br>EDWARD FRANCIS DELKER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID GEORGE HUGHES<br>701 MARKET STREET<br>SUITE 1510<br>ST. LOUIS, MO 63101 |
| Defendant/Respondent:<br>MASTERCARD TECHNOLOGIES, LLC | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Contract-Other | |

(Date File Stamp)

### Summons in Civil Case

The State of Missouri to: MASTERCARD TECHNOLOGIES, LLC
Alias:
C/O CT CORPORATION -REG AGENT
120 SOUTH CLAYTON AVENUE
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**ST. CHARLES COUNTY**

      12/3/2018                                  /S/ Judy Zerr
         Date                                        Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                               _____
Printed Name of Sheriff or Server             Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____       _____
                            Date                Notary Public

Sheriff's Fees, if applicable
Summons                         $_____
Non Est                         $_____
Sheriff's Deputy Salary
Supplemental Surcharge          $   10.00
Mileage                         $_____ (_____ miles @ $_____ per mile)
Total                           $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-1905     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05,
                                                                                       54.13, and 54.20; 506.120 - 506.140, and 506.150 RSMo



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: | Case Number: 1811-CC01122 |
|---|---|
| RICHARD KEVIN ZERR | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| EDWARD FRANCIS DELKER | DAVID GEORGE HUGHES |
| | 701 MARKET STREET |
| | SUITE 1510 |
| vs. | ST. LOUIS, MO 63101 |
| Defendant/Respondent: | Court Address: |
| MASTERCARD TECHNOLOGIES, LLC | 300 N 2nd STREET |
| | SAINT CHARLES, MO 63301 |
| Nature of Suit: | |
| CC Contract-Other | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: MASTERCARD INTERNATIONAL INC
                         Alias:

R/A CT CORPORATION SYSTEM
120 SOUTH CLAYTON AVE
CLAYTON, MO 63105

COURT SEAL OF

ST. CHARLES COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12/3/2018_____                                    _____/S/ Judy Zerr_____
       Date                                                     Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                               _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____       _____
                         Date                   Notary Public

Sheriff's Fees, if applicable
Summons                                  $_____
Non Est                                  $_____
Sheriff's Deputy Salary
Supplemental Surcharge                   $   10.00
Mileage                                  $_____ (_____ miles @ $_____ per mile)
Total                                    $_____

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

STATE OF MISSOURI )
) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

### NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

Pursuant to Missouri Supreme Court Rule 17, the Circuit Court of St. Charles County, Missouri (Eleventh Judicial Circuit) has adopted a local rule to encourage voluntary alternative dispute resolution. The purpose of the rule and the program it establishes is to foster timely, economical, fair and voluntary settlements of lawsuits without delaying or interfering with a party's right to resolve a lawsuit by trial.

This program applies to all civil actions other than cases in the small claims, probate and family court divisions of the Circuit Court, and you are hereby notified that it is available to you in this case.

The program encourages the voluntary early resolution of disputes through mediation. Mediation is an informal non-binding alternative dispute resolution process in which a trained mediator facilitates discussions and negotiations among the parties to help them resolve their dispute. The mediator is impartial and has no authority to render a decision or impose a resolution on the parties. During the course of the mediation, the mediator may meet with the parties together and separately to discuss the dispute, to explore the parties' interests, and to stimulate ideas for resolution of the dispute.

A list of mediators approved by the court and information regarding their qualifications is kept by the Circuit Clerk's Office. If all parties to the suit agree to mediation, within ten days after they have filed the Consent to Mediation Form on the reverse side of this page with the Clerk of the Court, they shall jointly select from that list a mediator who is willing and available to serve. If the parties cannot agree upon the mediator to be selected, the Court will make the selection.

The full text of the Circuit Court's local court rules, including Rule 38 Alternative Dispute Resolution, is available from the Clerk of the Circuit Court or at: http://www.courts.mo.gov/hosted/circuit11/Documents/LOCAL_COURT_RULES.pdf

A copy of this Notice is to be provided by the Clerk of the Circuit Court to each of the parties initiating the suit at the time it is filed, and a copy is to be served on each other party in the suit with the summons and petition served on that party.

STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

_____ )
                  Plaintiff(s), )
                                )
vs.                             )     Cause #_____
                                )
_____ )
                 Defendant(s).  )

## CONSENT TO MEDIATION FORM

I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

_____ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

_____
Signature

_____
(Print Name)

Attorney for:

_____
(Party or Parties)

Date: _____

```
STATE OF MISSOURI            )
                             ) ss.
ST. CHARLES COUNTY, MISSOURI )
```

IN THE CIRCUIT COURT OF ST. CHARLES COUNTY, MISSOURI

```
EDWARD F. DELKER              )
          Plaintiff(s),       )
                              )
vs.                           )   Cause # 1811-CC01122
                              )
MASTERCARD INTERNATIONAL,     )
 INC., et al.   Defendant(s). )
```

## CONSENT TO MEDIATION FORM

I, the undersigned counsel of record in this case, hereby certify that I have discussed the subject of mediation under the Court's Alternative Dispute Resolution Program with my client(s) in this case and that:

__✓__ We believe that mediation would be helpful in this case and consent to the referral of the case to mediation upon the filing of similar consents by all other parties in the case.

_____ We do not consent to the referral of this case to mediation.

_____
Signature

David Hughes
(Print Name)

Attorney for:

_Plaintiff_____
(Party or Parties)

Date: December 5, 2018

Electronically Filed - St Charles Circuit Div - December 06, 2018 - 09:54 AM



SB1-2

## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: RICHARD KEVIN ZERR | Case Number: 1811-CC01122 |
|---|---|
| Plaintiff/Petitioner: EDWARD FRANCIS DELKER | Plaintiff's/Petitioner's Attorney/Address: DAVID GEORGE HUGHES, 701 MARKET STREET, SUITE 1510, ST. LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent: MASTERCARD TECHNOLOGIES, LLC | Court Address: 300 N 2nd STREET, SAINT CHARLES, MO 63301 |
| Nature of Suit: CC Contract-Other | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: MASTERCARD INTERNATIONAL INC
Alias:
R/A CT CORPORATION SYSTEM
120 SOUTH CLAYTON AVE
CLAYTON, MO 63105

30 CTCOP

**COURT SEAL OF ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/3/2018 Date    /S/ Judy Zerr Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: LCW – B. LOVE (name) INTAKE SPECIALIST (title).
☐ other: _____

Served at CT CORP. _____ (address)
in St. Louis County (County/City of St. Louis), MO, on DEC 14 2018 (date) at 9 A.M. (time).

L. DISYLVESTER
Printed Name of Sheriff or Server
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date    Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

DEC - 7 2018

18-SMCC-10428

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-1906   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



SB1-2

## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division: | Case Number: 1811-CC01122 |
|---|---|
| RICHARD KEVIN ZERR | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address |
| EDWARD FRANCIS DELKER | DAVID GEORGE HUGHES |
| | 701 MARKET STREET |
| | SUITE 1510 |
| vs. | ST. LOUIS, MO 63101 |
| Defendant/Respondent: | Court Address: |
| MASTERCARD TECHNOLOGIES, LLC | 300 N 2nd STREET |
| | SAINT CHARLES, MO 63301 |
| Nature of Suit: | |
| CC Contract-Other | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: MASTERCARD INTERNATIONAL INC
Alias:

R/A CT CORPORATION SYSTEM
120 SOUTH CLAYTON AVE
CLAYTON, MO 63105

30 CTCOP

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

COURT SEAL OF
ST. CHARLES COUNTY

_12/3/2018_   /S/ Judy Zerr
Date    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: LCW - B. LOVE (name) INTAKE SPECIALIST (title).
☐ other: _____

Served at CT CORP. _____ (address)
in ~~St. Louis County~~ (County/City of St. Louis), MO, on DEC 14 2018 (date) at 9 A.M. (time).

L. DISILVESTER
Printed Name of Sheriff or Server    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
Date    Notary Public

DEC - 7 2018

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ___ miles @ $ ___ per mile) |
| Total | $ _____ |

A copy of the summons and a copy of the petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

18-SMCC-10428

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 18-SMCC-1906    1 of 1    Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Charles Circuit Div - December 17, 2018 - 02:38 PM