**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD F. DELKER, )  )  Plaintiff, )  )  v. )  )  MASTERCARD INTERNATIONAL INC. )  and MASTERCARD TECHNOLOGIES, INC. )  )  Defendants. ) | Case No.  4:19 CV 43 RWS |

## AMENDED COMPLAINT

COMES NOW Plaintiff and for his Amended Complaint against Defendants and states:

1. That Plaintiff was the husband of Julia Delker, deceased, an employee of Defendants and beneficiary, along with his deceased wife, Julia Delker, under Defendants ERISA (Employee Retirement Income Security Act) Plans.

2. That Plaintiff brings this action to "enforce" his rights under the terms of certain ERISA Plans pursuant to 29 U.S.C. § 1132(a).

3. That Plaintiff Edward F. Delker is a resident of St. Charles County, Missouri; and that incident and events hereinafter described occurred in St. Charles County, Missouri.

4. That Defendant MasterCard International Inc. (hereinafter a/k/a "MasterCard") is a Delaware Corporation with its principal office and place of business at 2200 MasterCard Boulevard, O'Fallon, St. Charles County, Missouri 63368-7263.

5. That Defendant MasterCard Technologies, LLC (hereinafter a/k/a "MasterCard") is a Delaware Limited Liability Company with its principal office and place of business at 2200 MasterCard Boulevard, O'Fallon, St. Charles County, Missouri 63368-7263.

6. That Plaintiff's deceased wife Julia Delker was an employee of Defendant MasterCard International Inc. from January 1, 1997 to February 29, 2016; and an employee of MasterCard Technologies, LLC from March 1, 2016 until her death on August 2, 2016.

7. That prior to her death and for each year she was an employee of Defendants beginning on January 1, 2011, in consideration of her continued employment Defendants MasterCard International Inc. and MasterCard Technologies, LLC provided Julia Delker certain ERISA plan benefits and promised that: "If you were hired on or before December 31, 2001, you will receive enough credits to elect up to three times your salary for life…" which life insurance premium would be paid by Defendants to purchase life insurance for Julia Delker's selected beneficiary or beneficiaries.

8. That at the time of her death on August 2, 2016, Julia Delker was an employee of Defendant or Defendants, and pursuant to Defendants ERISA Plans was entitled to an employer paid life insurance benefit of 3x her annual salary of $144,000 as described in Exhibit A, a copy of which Exhibit is attached hereto and incorporated by reference herein.

9. That on December 12, 2012, Plaintiff's wife Julia Delker was diagnosed with breast cancer known as "triple negative breast cancer" which meant that the cancer is not responsive to the three most common treatments for breast cancer. She had both breasts removed in the spring of 2013. She took chemotherapy again but the cancer spread to other parts of her body. In March of 2016 a scan showed that the cancer was spreading and that more chemotherapy was no longer effective. On August 2, 2016 Julia Delker died.

10. That at all times Defendants were aware of Plaintiff's wife's terminal health issues and her need to continue her existing ERISA life insurance benefits uninterrupted since she was no longer insurable.

11. That copies of Julia Delker's employee selected MasterCard benefits for 2014, 2015 and 2016 marked Exhibits B, C and D are attached hereto and incorporated by reference herein.

12. That shortly after Julia Delker's death on August 2, 2016, the "Director of Global Benefits" for Defendants advised Plaintiff Edward Delker in a letter dated August 8, 2016, a copy of which marked Exhibit E is attached hereto and incorporated by reference herein, that :

> **"On behalf of MasterCard, we wish to extend our condolences to you for the loss of your loved one Julia. You are eligible for a life insurance benefit of $432,000 subject to the Plan Provisions. Please complete the enclosed Beneficiary Statement and return it to me along with a Certified Death Certificate that shows the final cause/manner of death for Julia".**

13. That as directed by Defendants, Plaintiff Edward Delker completed Defendants' "Beneficiary Form" and returned it to Defendants. A copy of that document marked Exhibit F is attached hereto and incorporated by reference herein.

14. That thereafter Defendants sent Plaintiff copies of additional corporate records which confirmed that Julia Delker's life insurance benefits at the time of her death were "Core", i.e., "vested" benefits of three times her $144,000 annual earnings ($432,000).

15. That Defendants MasterCard provided Plaintiff with copies of their records which confirmed that Julia Delker had two "Core" insurance benefits to which Plaintiff was entitled:

> **Benefit (1) "Basic Term Life $144,000; and
> (2) Group Universal Life $288,000.** (Exhibit G attached hereto and incorporated by reference herein.)

16. That Defendants MasterCard provided Plaintiff with copies of its records which confirmed that:

3

> "Julia Delker's benefits at MasterCard" Core Employee – Prudential (Employee) calculated coverage $144,000 for Edward Delker; Employee contribution none, Employer contribution semi-monthly $6.12; Life employee credit MasterCard employer; Employee calculated coverage two times salary ($288,000 for Edward Delker); Life employer credit MasterCard (employee) coverage began 2011; two times salary calculated coverage $288,000 employee contribution to premiums paid semi-monthly $24.34" (Emphasis ours).

17.     That Defendants MasterCard, after telling Plaintiff that its records showed that Plaintiff as the beneficiary of his wife, Julia Delker's, insurance agreements, was entitled to $432,000 in life insurance submitted Plaintiff's life insurance benefit claim to Prudential Insurance Company for payment.

18.     That after reviewing its records, Prudential Insurance Company advised Plaintiff that Defendant MasterCard had not paid premiums to Prudential Insurance Company for 3x salary pre-paid "Core" life insurance benefit; however, Defendant MasterCard did pay Plaintiff the $144,000 "Core" benefit.

19.     That the life insurance benefit of $432,000 (3x Julia Delker's current salary) was a "Core" benefit which Defendants had agreed to provide to Plaintiff's wife Julia Delker and other employees hired on or before December 31, 2001. **Exhibit H "MasterCard Worldwide Benefits Book dated 2008 Page 11 Footnote Number 2":**

> **"If you were hired on or prior to December 31, 2001, you will receive enough credits to elect up to three times your salary for the (life) insurance and 66% of your basic annual salary for LTD. <u>The Core Benefits are covered 100% by MasterCard. You cannot opt out of these benefits</u>"** (emphasis our). **Footnote to page 11 of Exhibit H is attached hereto and incorporated by reference herein.**

20.     That after discovering it had not paid or otherwise funded Julia Delker's agreed "Core" life insurance benefits of $432,000 with Prudential Insurance Company, or any other

4

Insurance Company, MasterCard sent Plaintiff a letter stating it (they) had made an "administrative error in stating that he was eligible for $432,000 in life insurance", and that its records did not indicate that Plaintiff was entitled to two times his wife's salary as an additional "Core" benefit due an employee who was an employee on or prior to December 31, 2001, which denial was contrary to the agreement stated in MasterCard's 2008 Worldwide Benefits. See Exhibit H "MasterCard Worldwide 2008 Benefits Book, Page 11, Footnote Number 2", a copy of which is attached hereto and incorporated by reference herein.

21. That after discovering it had not paid an Insurer Company or otherwise self-funded Julia Delker's "Life Employer Credit-MasterCard (Employee)" life insurance benefit with The Prudential Insurance Company of America or any other insurance carrier, Defendant MasterCard sent Plaintiff a letter stating that its records did not indicate that Julia Delker had purchased "Optional Life Insurance". This is true. The life insurance benefit to which Plaintiff is entitled was not "Optional Life Insurance", which was paid for by the employee; but rather the "Submit Elections Confirmation" contract benefit (Exhibits A, B, C, and D) called "Life Employer Credit-MasterCard (Employee)" of 2x Julia Delker's annual earnings ($144,000 x 2) provided us an ERISA benefit paid by Defendants.

22. That after Julia Delker died, Defendants first admitted and then denied that they had agreed to provide Julia Delker an Employer paid life insurance benefit of $288,000 (2x her annual salary). Defendants also failed to disclose to Plaintiff that Julia Delker was entitled to the life insurance ERISA benefit called "Life Employer Credit – MasterCard (Employee)"; and misrepresented to Plaintiff that his wife's only Employer paid life insurance benefit was one year's salary ($144,000) Employer paid Life Insurance.

5

23. That Plaintiff as life insurance beneficiary has demanded payment of said Employee ERISA benefit of 2x Julia Delker's annual earnings (2x $144,000) ($288,000) which Defendants have refused to pay; and that Plaintiff, as the beneficiary of Julia Delker's contractual ERISA life insurance benefit has been damaged in the amount of $288,000.

WHEREFORE, Plaintiff prays judgment against Defendants MasterCard in the amount of $288,000 plus interest and costs.

Respectfully submitted,

MOGAB & HUGHES ATTORNEYS, P.C.

By: _/s/ Richard L. Hughes_
Richard L. Hughes, #17481MO
richardhughes@mogabandhughes.com
David G. Hughes, #47676MO
davidhughes@mogabandhughes.com
701 Market Street, Suite 1510
St. Louis, Missouri  63101
314-241-4477 (Office)
314-241-4475 (Facsimile)
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Court on this 18th day of June, 2019, and was served via electronic filing system upon the following:

Stephanie O. Zorn
JACKSON LEWIS P.C.
222 S. Central Avenue, Suite 900
St. Louis, MO  63105
stephanie.zorn@jacksonlewis.com
*Attorneys for Defendants*

_/s/ Richard L. Hughes_