UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EDWARD F. DELKER, )
                                                   )
    Plaintiff, )
                                                   )    Case No.  4:19 CV 43 RWS
                                                 )
v. )    Jury Trial Demanded
                                                 )
MASTERCARD INTERNATIONAL INC. )
and MASTERCARD TECHNOLOGIES, INC. )
                                                 )
    Defendants. )

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Edward Delker, and for his Second Amended Complaint against Defendants MasterCard International, Inc. and MasterCard Technologies, Inc., states:

1. That Plaintiff Edward Delker was the husband of Mrs. Julie Delker, deceased, an employee of Defendants MasterCard International, Inc. and MasterCard Technologies, Inc., and beneficiary, along with his deceased wife, Mrs. Julie Delker, under Defendants ERISA (Employee Retirement Income Security Act) Plans.

2. That Plaintiff brings this action to "enforce" his rights under the terms of certain ERISA Plans pursuant to 29 U.S.C. §1132(a)1, and 29 U.S.C. §502(a)(3).

3. That Plaintiff Edward F. Delker (hereinafter "Plaintiff) is a resident of St. Charles County, Missouri; and that incident and events hereinafter described occurred in St. Charles County, Missouri.

4. That Plaintiff's deceased wife Mrs. Julie Delker (hereinafter "Mrs. Delker") was an employee of Defendant MasterCard International Inc. from January 1, 1997 to February 29, 2016; and an employee of MasterCard Technologies, LLC from March 1, 2016 until her death on August 2, 2016.

5. That Defendant MasterCard International Inc. (hereinafter "Defendants MasterCard") is a Delaware Corporation with its principal office and place of business at 2200 MasterCard Boulevard, O'Fallon, St. Charles County, Missouri 63368-7263.

6. That Defendant MasterCard Technologies, LLC (hereinafter "Defendants MasterCard") is a Delaware Limited Liability Company with its principal office and place of business at 2200 MasterCard Boulevard, O'Fallon, St. Charles County, Missouri 63368-7263.

7. That prior to her death and for each year she was an employee of Defendants MasterCard beginning on January 1, 2011, in consideration of her continued employment Defendants MasterCard provided Mrs. Delker certain ERISA plan benefits and promised that: "If you were hired on or before December 31, 2001, you will receive enough credits to elect up to three times your salary for life…" which life insurance premium would be paid by Defendants MasterCard to purchase life insurance for Mrs. Delker's selected beneficiary or beneficiaries.

8. That at the time of her death on August 2, 2016, Mrs. Delker was an employee of Defendants MasterCard and pursuant to Defendants MasterCard's ERISA plans was entitled to an employer paid life insurance benefit of 3x her annual salary of $144,000 as described in Exhibit A, a copy of which Exhibit is attached hereto and incorporated by reference herein.

9. That on December 12, 2012, Mrs. Delker was diagnosed with breast cancer known as "triple negative breast cancer", which meant that the cancer is not responsive to the three most common treatments for breast cancer. She had both breasts removed in the spring of

2013. Mrs. Delker took chemotherapy again, but the cancer spread to other parts of her body, and in March of 2016, a scan showed that the cancer was spreading, and that chemotherapy was no longer effective. On August 2, 2016 Mrs. Delker died.

10. That at all times Defendants MasterCard were aware of Plaintiff's wife's terminal health issues and her need to continue her existing ERISA life insurance benefits uninterrupted since she was no longer insurable.

11. That copies of Mrs. Delker's employee selected MasterCard benefits for 2014, 2015 and 2016 marked Exhibits B, C and D are attached hereto and incorporated by reference herein.

12. That shortly after Mrs. Delker's death on August 2, 2016, for the first time, the "Director of Global Benefits" for Defendants MasterCard (Ms. Carol Taylor) advised Plaintiff in a letter dated August 8, 2016, a copy of which marked Exhibit E is attached hereto and incorporated by reference herein, that :

> **"On behalf of MasterCard, we wish to extend our condolences to you for the loss of your loved one Julie. You are eligible for a life insurance benefit of $432,000 subject to the Plan Provisions. Please complete the enclosed Beneficiary Statement and return it to me along with a Certified Death Certificate that shows the final cause/manner of death for Julie".**

13. That on or about August 9, 2016, Plaintiff and Defendants MasterCard's Director of Global Benefits, Ms. Carol Taylor, had a phone conversation during which Ms. Taylor re-affirmed to Plaintiff that he was eligible for the $432,000.00 in life insurance benefits.

14. That as directed by Defendants MasterCard, Plaintiff completed Defendants MasterCard "Beneficiary Form" and returned it to Defendants MasterCard. A copy of that document marked Exhibit F is attached hereto and incorporated by reference herein.

3

15. That thereafter Defendants MasterCard sent Plaintiff copies of additional corporate records which confirmed that Mrs. Delker's life insurance benefits at the time of her death were "Core", i.e., "vested" benefits of three times her $144,000 annual earnings ($432,000).

16. That Defendants MasterCard provided Plaintiff with copies of their records which confirmed that Mrs. Delker had two "Core" insurance benefits to which Plaintiff was entitled:

> **Benefit (1) "Basic Term Life $144,000; and**
> **(2) Group Universal Life $288,000.** (Exhibit G attached hereto and incorporated by reference herein.)

17. That Defendants MasterCard provided Plaintiff with copies of its records which confirmed that:

> "Julie Delker's benefits at MasterCard" Core Employee – Prudential (Employee) calculated coverage $144,000 for Edward Delker; Employee contribution none, Employer contribution semi-monthly $6.12; Life employee credit MasterCard employer; Employee calculated coverage two times salary ($288,000 for Edward Delker); Life employer credit MasterCard (employee) coverage began 2011; two times salary calculated coverage $288,000 employee contribution to premiums paid semi-monthly $24.34"

18. That Defendants MasterCard, after telling Plaintiff that its records showed that Plaintiff, as the beneficiary of his wife's insurance agreements, was entitled to $432,000 in life insurance, submitted Plaintiff's life insurance benefit claim to Prudential Insurance Company for payment.

19. That after reviewing its records, Prudential Insurance Company advised Plaintiff that Defendants MasterCard had not paid premiums to Prudential Insurance Company for 3x salary pre-paid "Core" life insurance benefit; however, Defendants MasterCard did pay Plaintiff the $144,000 "Core" benefit.

20. That the life insurance benefit of $432,000 (3x Julie Delker's current salary) was a "Core" benefit which Defendants MasterCard had agreed to provide to Mrs. Delker and other employees hired on or before December 31, 2001. **Exhibit H "MasterCard Worldwide Benefits Book dated 2008 Page 11 Footnote Number 2"** states:

> **"If you were hired on or prior to December 31, 2001, you will receive enough credits to elect up to three times your salary for the (life) insurance and 66% of your basic annual salary for LTD. The Core Benefits are covered 100% by MasterCard. You cannot opt out of these benefits"** (emphasis our). Footnote to page 11 of Exhibit H is attached hereto and incorporated by reference herein.

21. That Defendants MasterCard sent Plaintiff a letter stating it (they) had made an "administrative error in stating that he was eligible for $432,000 in life insurance", and that its records did not indicate that Plaintiff was entitled to two times his wife's salary as an additional "Core" benefit due an employee who was an employee on or prior to December 31, 2001, which denial was contrary to the agreement stated in MasterCard's 2008 Worldwide Benefits. See Exhibit H "MasterCard Worldwide 2008 Benefits Book, Page 11, Footnote Number 2", a copy of which is attached hereto and incorporated by reference herein.

22. That after discovering it had not paid an Insurer Company or otherwise self-funded Mrs. Delker's "Life Employer Credit-MasterCard (Employee)" life insurance benefit with The Prudential Insurance Company of America or any other insurance carrier, Defendants MasterCard sent Plaintiff a letter stating that its records did not indicate that Mrs. Delker had purchased "Optional Life Insurance". This is true. The life insurance benefit to which Plaintiff is entitled was not "Optional Life Insurance", which was paid for by the employee; but rather the "Submit Elections Confirmation" contract benefit (Exhibits A, B, C, and D) called "Life

5

Employer Credit-MasterCard (Employee)" of 2x Mrs. Delker's annual earnings ($144,000 x 2) provided as an ERISA benefit paid by Defendants MasterCard.

23. That after Mrs. Delker died, Defendants MasterCard first admitted and then denied that they had agreed to provide Mrs. Delker an Employer paid life insurance benefit of $288,000 (2x her annual salary). Defendants MasterCard also failed to disclose to Plaintiff that Mrs. Delker was entitled to the life insurance ERISA benefit called "Life Employer Credit – MasterCard (Employee)"; and misrepresented to Plaintiff that his wife's only Employer paid life insurance benefit was one year's salary ($144,000) Employer paid Life Insurance.

24. That Defendants MasterCard owed Mrs. Delker the utmost duty of loyalty and fair dealing and as a fiduciary under the terms of the plan; that Defendants MasterCard's misrepresentations and promises to provide a higher amount of benefits was relied upon by Mrs. Delker as she did not purchase additional insurance, which she could have done so, because she trusted the plan administrator and her employer to tell her the truth and provide this coverage that they promised her.

25. That Mrs. Delker detrimentally relied upon Defendants MasterCard's false promises when the plan/employer were in a superior position of power over her, and that their failure to provide such coverage amounts to a breach of fiduciary duty to Mrs. Delker as well as a breach of contract.

26. That Defendants MasterCard have unclean hands and they should be estopped from denying the existence of the enhanced benefits.

27. That Plaintiff, as life insurance beneficiary, has demanded payment of said Employee ERISA benefit of 2x Mrs. Delker's annual earnings (2x $144,000) ($288,000) which Defendants have refused to pay; and that Plaintiff, as the beneficiary of Mrs. Delker's contractual ERISA life insurance benefit has been damaged in the amount of $288,000.

28. That any of Defendants MasterCard's statute of limitations arguments have been waived by Defendants MasterCard's attorney at a Motion Hearing held before this Court on June 9, 2020 wherein defense counsel stated that Plaintiff could dismiss the cause of action without prejudice, refile, and that Defendants MasterCard would not contest the statute of limitations;

29. That Plaintiff filed his Petition in St. Charles County Circuit Court on November 30, 2018 seeking damages under Count I – Fraud; Count II – Breach of Contract; and Count III – Negligence and Breach of Fiduciary Duty; that Defendants MasterCard removed the case on January 14, 2019, and the case was pending in this Court under said Petition/ Complaint until Plaintiff filed an Amended Complaint on June 18, 2019; Federal Rule 15(c) "**Relation Back of Amendments**" provides:  An amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back; and the amendment asserts a claim or defense that arose out of the conduct, transition, or occurrence set out – or attempted to be set out – in the original pleading; (See Federal Rule 15(c)(1)(A)(B).  Also, Missouri Supreme Court Rule 55.33(c) provides that "**Relation Back of Amendments**" provides that: Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

## COUNT I – BREACH OF FIDUCIARY DUTY

COMES NOW Plaintiff, and for his cause of action against Defendants MasterCard for breach of fiduciary duty, states:

30. That Plaintiff incorporates by reference each and every allegation set out in paragraphs 1-29 of this Second Amended Complaint.

31. That at all times herein mentioned, Mrs. Delker was an Employee of Defendants MasterCard and that Defendants MasterCard owed its employee Mrs. Delker a fiduciary duty of trust and competence with respect to the payment, management, and control of her agreed benefits and escrowed funds.

32. That from September 1, 2011, until the time of her death on August 2, 2016, Defendants MasterCard failed to provide adequate and appropriate information to Mrs. Delker indicating that her life insured benefits were being escrowed or otherwise accounted for by Defendants MasterCard in order to provide her the elected life insurance benefits described in her "Submit Elections Conformations"; and that as a result, Mrs. Delker's "credits" and related life insurance benefits were never funded or accounted for.

33. That after Mrs. Delker's death on August 2, 2016, Defendants MasterCard initially produced contract documents indicating that Plaintiff, as beneficiary, was entitled to Mrs. Delker's free insurance benefits of $432,000. Defendants MasterCard later told Plaintiff that they had made an "accounting error", that the "credits" of her free life insurance benefit had been paid by Defendants MasterCard to Mrs. Delker as wages, and that there was no $288,000 life insurance ("2 x salary" benefit) due Plaintiff. Defendants MasterCard also told Plaintiff that

8

Mrs. Delker had no $288,000 life insurance benefit because she had not purchased (had waived) employee paid "Optional Group Insurance".

34. That as a direct and proximate result of the breach of Defendants MasterCard's fiduciary duty, Mrs. Delker's agreed employer paid life insurance benefit "Life Employer Credit – MasterCard (Employee)" was not funded or otherwise accounted for, and that Plaintiff, as her beneficiary, was damaged in the amount of $288,000.

35. That as a direct and proximate result of the breach of Defendants MasterCard's fiduciary duty, Mrs. Delker was not provided with her Submit Elections Contractual life insurance benefit "Life Employer Credit – MasterCard (Employee)" (Exhibits A, B, C and D); and Plaintiff, her life insurance beneficiary, was damaged in the amount of $288,000.

36. That in addition to special damages, Plaintiff is entitled to punitive damages of $500,000.00 or five times the net amount of any Judgment awarded Plaintiff, as Defendants MasterCard showed reckless indifference and/or conscious disregard for the rights of Mrs. Delker and Plaintiff.

37. Plaintiff is seeking legal and equitable relief including a surcharge, restitution, reformation of the contract and injunction against Defendants MasterCard to prohibit breach of fiduciary duty in similar cases in the future.

WHEREFORE, Plaintiff prays judgment against Defendants MasterCard in the amount of $288,000 plus punitive damages of $500,000.00 or five times the net amount of any Judgment, and any further equitable relief as the Court deems appropriate.

## COUNT II – BREACH OF CONTRACT

COMES NOW Plaintiff and for his cause of action against Defendants MasterCard for breach of contract states:

38. That Plaintiff incorporates by reference in Count II each and every allegation set out in paragraphs 1-37 of this Second Amended Complaint.

39. That on or prior to September 1, 2011, 2012, 2014 and 2015-16, Defendants MasterCard entered into employment contracts identified as "Submit Elections Confirmation" with Mrs. Delker in which Defendants MasterCard agreed to provide Mrs. Delker, in consideration of her continued employment by Defendants MasterCard, an Employer funded life insurance benefit described as "Life Employer Credit-MasterCard (Employee)" pursuant to which she would receive an employer paid life insurance benefit of "3 x her Salary" ($432,000) at no cost to her, with premiums paid semi-monthly by the Defendants, her employer.  Defendants MasterCard further agreed that "The Core Benefits are covered 100% by MasterCard.  You cannot opt out of these benefits."

40. That Mrs. Delker substantially performed her obligations under the contract. Following Mrs. Delker's death, Plaintiff, as beneficiary, made demand for said life insurance benefits in the amount of $432,000; Defendants MasterCard only paid Plaintiff $144,000 of said benefit but refused to pay the balance of $288,000.  Defendants MasterCard's refusal to provide coverage and pay the benefits was a material breach of the contract with Mrs. Delker, thereby resulting in Plaintiff's suffering actual damages in the amount of $288,000.

WHEREFORE, Plaintiff prays judgment against Defendants MasterCard in the amount of $288,000 plus interest and costs.

## COUNT III – FRAUD

COMES NOW Plaintiff and for his cause of action against Defendants MasterCard for fraud states:

41.     Plaintiff incorporates by reference each and every allegation set out in paragraphs 1 through 40 of this Second Amended Complaint.

42.     That after Mrs. Delker died, Defendants MasterCard first admitted and then denied that they had agreed to provide Mrs. Delker an employer paid life insurance benefit of $288,000 (two-times her annual salary).  Defendants MasterCard also failed to disclose to Plaintiff that Mrs. Delker was entitled to a life insurance benefit called "Life Employer Credit – MasterCard (Employee)"; and misrepresented to Plaintiff that his wife's only Employer paid life insurance benefit was one year's salary ($144,000) Employer paid Life Insurance.

43.     That Plaintiff as life insurance beneficiary has demanded payment of said Employee ERISA benefit of 2x Mrs. Delker's annual earnings (2x $144,000) ($288,000) which Defendants MasterCard have refused to pay; and that Plaintiff, as the beneficiary of Mrs. Delker's contractual ERISA life insurance benefit has been damaged in the amount of $288,000.

44.     Defendants MasterCard fraudulently misrepresented to Plaintiff that Mrs. Delker had a $432,000.00 life insurance benefit that he was eligible to receive.  This representation was obviously not true, as Defendants MasterCard have not paid Plaintiff $432,000.00 in life insurance benefits.

45. These were material representations and omissions, as Plaintiff relied upon Defendants' written and oral statements that he was entitled to $432,000.00 in life insurance benefits following the death of Mrs. Delker.

46. Defendants MasterCard knew that their representations of life insurance coverage were false, as they did not pay the required premiums, and they knew that Plaintiff had no way of knowing this information himself, and that Plaintiff would be misled and harmed by their failure to disclose the truth.

47. Defendants MasterCard intended for Plaintiff to rely upon their representations and omissions.

48. Plaintiff was unaware of the falsity of the Defendants MasterCard's misrepresentations, and he had no reason to believe that he was not entitled to recover $432,000.00 in life insurance benefits. Had Plaintiff known Mrs. Delker was not covered as described by Defendants MasterCard, he would have purchased life insurance on his own.

49. Plaintiff reasonably relied upon Defendants MasterCard's representation that Plaintiff was entitled to $432,000.00 in life insurance benefits, as well as Defendants MasterCard's failure to disclose the truth, by believing he was entitled to $432,000.00 in life insurance benefits.

50. Plaintiff was significantly harmed by his reliance.

51. That an award of both actual and punitive damages is appropriate, as Defendants MasterCard's actions and omissions were intentional, wanton, willful, outrageous, and unjustified, and Defendants MasterCard acted with reckless disregard for Plaintiff's rights and interests.

WHEREFORE, Plaintiff prays judgment against Defendants MasterCard in the amount of $288,000 plus punitive damages of $500,000.00, or five times the net amount of any judgment awarded Plaintiff, plus interest and costs.

Respectfully submitted,

/s/ David G. Hughes
Richard L. Hughes  #17481
David G. Hughes #47676
MOGAB & HUGHES ATTORNEYS, P.C.
701 Market Street, Suite 1510
St. Louis, MO 63101
richardhughes@mogabandhughes.com
davidhughes@mogabandhughes.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that on July 15, 2020, the foregoing was mailed and emailed to:

Ms. Stephanie O. Zorn
Attorney for Defendant
Jackson Lewis, P.C.
222 S. Central Ave., Ste. 900
St. Louis, Missouri 63105

/s/ David G. Hughes