UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD F. DELKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19 CV 43 RWS |
| MASTERCARD INTERNATIONAL, INC. and MASTERCARD TECHNOLOGIES, INC., | ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

This matter is before me on the defendants', Mastercard International, Inc. and Mastercard Technologies, Inc., motion to dismiss the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6) and to strike portions of Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(f). ECF No. [54]. The plaintiff brings a claim for breach of fiduciary duty under the Employee Retirement and Income Security Act of 1974 ("ERISA"), as well as two related state law claims. For the reasons discussed below I will grant Defendants' motion.

## **BACKGROUND**

Plaintiff Edward Delker filed this action in the Circuit Court of St. Charles County, State of Missouri on December 14, 2018.  Defendants removed the case to this court on January 14, 2019, arguing Plaintiff's state law claims were preempted by

ERISA.  On June 11, 2019, I denied Plaintiff's motion to remand the case to state court. Plaintiff filed his first amended complaint on June 18, 2018 and his  second amended complaint on July 15, 2020. Plaintiff's complaint asserts that Defendants breached their fiduciary duty to his wife in violation of ERISA, that Defendants breached their contract with his wife, and that they committed fraud by denying him the life insurance benefits they had promised.

## STATEMENT OF FACTS

Plaintiff's late wife, Mrs. Julie Delker,  was an employee of MasterCard International, Inc. from January 1, 1997 to February 29, 2016, and an employee of Master Card Technologies, LLC from March 1, 2016 until her death on August 2, 2016. Defendants', as Mrs. Delker's employers, provided her certain benefits under an ERISA benefits plan. These benefits included core life insurance in the amount of 100% of their annual Earnings for all employees, as well as additional life insurance that employees could opt to purchase if they met the eligibility requirements. See MasterCard International Incorporated Health Care Plan, ECF No. [1-2] at  85-164. As an employee of MasterCard, Mrs. Delker was automatically enrolled in core life insurance.  Compl. at ¶ 11 and  Ex. B-D. See also Id. at 92-93. In the years prior to her death Defendants represented to Mrs. Delker that because she was hired on or before December 31, 2001, she was entitled to receive enough credits to elect up to three times her salary in life insurance. Compl. at ¶¶ 7, 8, and Exhibits B-D. Mrs. Delker

understood these representations to mean that she was entitled to life insurance in the amount of three times her salary and that the premiums would be paid by Defendants. Compl. at ¶ 8. Mrs. Delker believed based on these representations that she was enrolled in life insurance in the amount of three times her salary.

When Mrs. Delker died in August of 2016, Mr. Delker received a letter from MasterCard indicating that he was eligible to receive $432,000, which was three times his late wife's salary. Compl. at ¶ 12. He also received a Beneficiary Statement that he needed to complete and return to the Director of Global Benefits at MasterCard. Plaintiff completed the form and returned it as requested. Compl. at ¶14. MasterCard then submitted Plaintiff's life insurance benefit claim to The Prudential Insurance Company ("Prudential"), the claims administrator for MasterCard's life insurance benefits.  MasterCard International Incorporated Health Care Plan, ECF No. [1-2] at 60. After reviewing the claim, Prudential advised Mr. Delker that MasterCard had only paid premiums for life insurance in the amount of one times his late wife's salary.  Compl. at ¶19. Therefore, Prudential determined that he was only entitled to $144,000 in life insurance benefits. Compl. at ¶ 19. MasterCard then informed Plaintiff that they had made an administrative error and he was not entitled to three times his wife's salary because their records did not indicate that Mrs. Delker had purchased optional life insurance. Compl. at  ¶¶ 21-22. Prudential subsequently paid

3

Plaintiff $144,000 for the core life insurance benefit, but the remainder of his claim was denied. Compl. at ¶19.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, I must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). I am not, however, bound to accept as true a legal conclusion couched as a factual allegation. Bell Atlantic Corporation v. Twombly, 555 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.C. 662, 667, 129 S.Ct. 1937, 1949 (quoting Twombly, 555 U.S. at 570). Although "specific facts are not necessary," the plaintiff must allege facts sufficient to "give fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

A plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements

4

necessary to sustain recovery under some viable legal theory." <u>i</u>. at 562 (quoted case omitted). This standard "simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." <u>Id</u>. at 556. The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim." <u>Bell Atlantic Corp</u>., 550 U.S. at 556.

## DISCUSSION

<u>Relation Back under Fed. R. Civ. P. 15</u>

Under Fed. R. Civ. P. 15(c), an amended complaint relates back to the date of the original pleading if the "amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c). The basic inquiry is whether the amended complaint is related to the general fact situation alleged in the original pleading. <u>Alpern v. UtiliCorp United, Inc.</u>, 84 F.3d 1525, 1543 (8th Cir. 1996) (quoting <u>In re Bellanca Aircraft Corp.</u>, 850 F.2d 1275, 1283 (8th Cir.1988)). "The same substantive legal theory need not be alleged in both complaints; rather the claims need only arise out of the same 'conduct, transaction or occurrence.'" <u>Thompson v. IP Network Solutions, Inc.</u>, No. 4:14-cv-1239-RLW, 2014 WL 5761127, *3 (E.D. Mo Nov 5, 2014) (quoting <u>Donnelly v. Yellow Freight System, Inc</u>, 874 F.2d 402, 410 (7th Cir. 1989). "The rationale of Rule 15(c) is that a party who has been notified of litigation

5

concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (quoting In re Bellanca Aircraft Corp., 850 F.2d at1283). "

The Eighth Circuit has stated that since the purpose of Fed. R. Civ. P. 15(c) is to permit cases to be decided on their merits, it has been liberally construed. Alpern, 84 F.3d at 1543. Based on this standard, I find that the allegations in the original complaint were sufficient to provide notice to Defendants. Additionally, the original complaint was filed within the statute of limitations. Therefore, liberally construing Fed. R. Civ. P. 15(c), I find that the Plaintiff's First and Second Amended Complaints relate back to the original filing in the Circuit Court of St. Charles County. Therefore, the claims under ERISA are not time barred.

Count 1: Breach of Fiduciary Duty

The Plaintiff asserts a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), alleging that Defendants failed to pay the premiums required for Mrs. Delker's life insurance, made material misrepresentations regarding the nature of Mrs. Delker's insurance coverage, and failed to provide adequate information indicating that her life insurance benefits were properly accounted for by the Defendants. Defendants argue that Plaintiff fails to state a claim upon which relief can be granted because he fails to allege that Defendants are fiduciaries. Additionally, Defendants argue that Plaintiff failed to plausibly allege that their actions amounted to a breach of fiduciary duty.

6

"To plead breach of fiduciary duty under ERISA, a plaintiff must allege that 1) defendant was a fiduciary of the plan, 2) defendant was acting in that capacity, and 3) defendant breached a fiduciary duty." In re Xcel Energy, Inc., Sec., Derivative & ERISA Litig., 312 F. Supp. 2d 1165, 1175 (D. Minn 2004), See also 29 U.S.C. § 1109. An ERISA fiduciary can either be named in the plan or deemed a fiduciary on the basis of their functional authority. Id. Under ERISA, a person or entity is a fiduciary with respect to the plan to the extent they exercise any discretionary authority or control respecting management of the plan or disposition of its assets or have discretionary authority or responsibility for administration of the plan. 29 U.S.C. §1002(21)(A). Additionally, the Eighth Circuit has stated that the term fiduciary is to be broadly construed consistent with ERISA's policies and objectives.

Whether an entity qualifies as a functional fiduciary under ERISA is a mixed question of law and fact. Xcel Energy, Inc., 312 F. Supp. 2d at 1180 (quoting In re Electronic Data Sys., 305 F.Supp.2d 658, 665 (E.D. Tex 2004)).  Here Plaintiff alleges that Defendants provided plan information, were directly involved in enrollment, and paid employee premiums. These actions may constitute an exercise of discretionary authority respecting management or administration of the plan. Considering these allegations in the light most favorable to the Plaintiff and broadly construing the term fiduciary, the Plaintiff's allegations are sufficient to plausibly allege that the Defendants were acting as functional fiduciaries. See Id.; Dapron v.

Spire Mo., Inc, No. 4:17-cv-2671-JMB, 2018 WL 3609446, at *6 (E.D.Mo. July 27, 2018); Slayhi v. High-Tech Institute, Inc., No. 06-cv-2210, 2007 WL 4284859 (D. Minn. Dec. 3, 2007).

Although Plaintiff plausibly alleged that Defendants were fiduciaries, he failed to provide sufficient allegations to plausibly allege a breach of a fiduciary duty. Plaintiff claims Defendants breached their fiduciary duty by failing to pay premiums for insurance coverage in the amount of three times his wife's salary as promised, by failing to provide adequate information to his late wife, and by making misrepresentations concerning the existence of coverage and payment of premiums under the employee's life insurance policy. Although these are separate allegations, they all turn on Plaintiffs claims of misrepresentation, so I will address those allegations first.

An ERISA fiduciary has a duty to avoid making material misrepresentations to plan beneficiaries. In order to state a claim for breach of this duty, Plaintiff must establish that the representations made by the defendant were material and that they relied on them to their detriment. Knowlton v. Anheuser-Busch Companies, LLC, No. 4:13-cv-210-SNLJ, 2013 WL 5873334, at *3 (E.D.Mo. Oct. 30, 2013) (citing James v. Pirelli Armstrong Tire Corp., 305 F.3d 439, 449 (6th Cir. 2002). "A representation is material if there is a substantial likelihood that it would mislead a reasonable employee in the process of making an adequately informed decision regarding

8

benefits to which she might be entitled." Huang v. Life Ins. Co. of North America, 47 F.Supp.3d 890, 910 (E.D.Mo. 2014) (citing Kalda v. Sioux Valley Physician Partners, Inc., 481 F.3d 639, 644 (8th Cir. 2007).

Plaintiff alleges that Defendants made representations that his late wife was entitled to life insurance benefits equal to three times her salary and that they would pay the premiums for this insurance. Plaintiff relies on a statement made in MasterCard's Open Enrollment Guide and statements made by the Director of Global Benefits after his wife's death. In particular Plaintiff relies on the following statement from the open enrollment guide: "If you were hired on or prior to December 31, 2001, you will once again receive enough credits in 2007 to *elect* up to three times your basic annual salary for life insurance." Compl. Ex Compl. at ¶ 7, Ex. A, & Ex. B. (emphasis added). Plaintiff contends that this representation amounts to a promise by MasterCard to pay life insurance premiums for Mrs. Delker. This statement is not a misrepresentation. The statement in the enrollment guide specifically indicates that the plan participant will receive credits so they may "*elect* up to three times their basic annual salary for life insurance." Compl. at ¶ 7, Ex. A, & Ex. B. (emphasis added). This clearly indicates that an election must be made in order to receive the additional insurance and would not have mislead a reasonable employee trying to decide how much insurance to elect. Additionally, the statement indicates that Defendants would provide credits, not direct payment of premiums. This statement also directly supports

9

the Plan itself, which requires enrollment in any coverage over the initial core life insurance benefit. See MasterCard International Incorporated Health Care Plan.  ECF No. [1-2] at 124. Additionally, the electronic confirmations submitted by Mrs. Delker clearly label the benefit as a credit. In sum no reasonable factfinder could determine that these statements were material misrepresentation regarding the life insurance benefits available to Mrs. Delker. Cf. Hannan v. Hartford Financial Services, Inc., 688 Fed. Appx. 85, 89-90 (2nd Cir. 2017),  Boyles v. American Heritage Life Insurance Company, 383 F.Supp.3d 470, 490-91(W.D.Pa 2019).

      The only other representations Plaintiff addresses are from his correspondence with Defendants after his wife's death.  Although Defendants initially informed Plaintiff that he was entitled to $432,000 in life insurance benefits, Plaintiff does not plausibly allege reliance based on these statements.  At the time these statements were made, Plaintiff could no longer purchase additional life insurance as pleaded in the complaint. Additionally, these misrepresentations appear to be the result of a ministerial error, rather than an act of discretion. Defendants were not the claims administrator for the plan and did not have discretion to decide benefits claims. See MasterCard International Incorporated Health Care Plan.  ECF No. [1-2] at 124. Since Defendants were not acting as  fiduciaries with respect to Plaintiff's claim for benefits, they cannot be liable for these acts under 29 U.S.C. §1132(a)(3). Therefore, Plaintiff fails to state a claim for breach of fiduciary duty based on misrepresentation.

Additionally, Plaintiff fails to plausibly allege that Defendants breached their fiduciary duty by failing to pay premiums for life insurance in the amount of three times Mrs. Delker's salary.  As discussed above, the representations made in the enrollment guide do not amount to a promise to provide additional life insurance. Rather, the representations clearly state that Defendants will provide credits so eligible employees may elect up to three times their salary in life insurance. Plaintiff has not plausibly alleged that Mrs. Delker elected to enroll in additional insurance. The electronic enrollment forms indicate that she was enrolled in the "Life employee credit MasterCard (employee)" benefit.  But as its name indicates, this benefit election is for a credit, not life insurance. Therefore, these documents do not allege fact sufficient to establish that Defendants were required to pay the requisite premiums, rather it indicates that Defendants were required to provide Mrs. Delker a credit and Plaintiff does not allege that Defendants failed to pay this credit.  Finally, Plaintiff does not allege any other misrepresentations made by Defendants prior to Mrs. Delker's death that would plausibly establish that Defendants promised to pay the premiums for additional insurance.

Lastly, Plaintiff alleges that Defendants breached their fiduciary duty by failing to provide adequate and appropriate information to Mrs. Delker indicating that her life insurance benefits were being escrowed or otherwise accounted for by Defendants. Under ERISA fiduciaries are required to provide specific information to plan

11

participants. Plaintiff is not alleging that Defendants failed to provide the documents and information outlined in 29 U.S.C. Part 1. Instead, he alleges that Defendants failed to provide information outside of the standard ERISA requirements. But Plaintiff does not allege that his wife requested such information, or that Defendants had an affirmative duty to provide it.

The Eighth Circuit has stated that ERISA and its associated regulations impose upon fiduciaries extensive and specific obligation of disclosure, which are supplemented by the general duty of loyalty.  These requirements have been interpreted to require additional obligations for communication and disclosure in certain circumstances.  In addition to the statutory disclosure requirements, the duty of loyalty "entails not only a negative duty not to misinform, but also an affirmative duty to inform when the trustee knows that silence might be harmful."  Krohn v. Huron Memorial Hosp., 173 F.3d 542, 548 (6th Cir. 1999). In this case, Plaintiff does not allege that Defendants were aware of Mrs. Delker's misinterpretation of her benefits, nor does he allege that she asked her employer to confirm that she was properly enrolled in life insurance.  Without such allegations, Plaintiff cannot establish that Defendants had a duty to disclose additional information to Mrs. Delker. Additionally, since Mrs. Delker was not enrolled in the optional life insurance, Defendants would not have been on notice to provide the information to her even if it was considered a

fiduciary requirement. Accordingly, I will grant Defendants' motion to dismiss the Plaintiff's claim under 29 U.S.C. §1132(a)(3) for breach of fiduciary duty.

Count 2: Breach of Contract

Defendants also challenge Plaintiff's breach of contract claim. They argue that the breach of contract claim is preempted by ERISA. Additionally, they argue that to the extent the breach of contract claim can be construed as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), it fails to state a claim because it does not name a proper defendant.

Since, Plaintiff is seeking benefits under the plan, his state law breach of contract claim is preempted by ERISA. See Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005). However, the claim can be construed as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). Under 29 U.S.C. § 1132(a)(1)(B) a plan participant or beneficiary can bring an action to "recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his right to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  ERISA itself does not identify the proper defendant for a claim under 29 U.S.C. § 1132(a)(1)(B). Slayhi v. High-Tech Institute, Inc., No. 06-cv-2210, 2007 WL 4284859 at *6 (D. Minn. Dec. 3, 2007). Therefore, determining the proper defendant can be complex.

The Eighth Circuit has acknowledged that the federal circuits approach this issue in different ways, with some circuits holding only the plan itself is a proper defendant and others holding that both the plan and plan administrator are proper defendants. Hall v. Lhaco Inc., 140 F.3d 1190, 1194 (8th Cir. 1998). And although, the Eighth Circuit has stated that the plan itself is the primary defendant in claims under 29 U.S.C. § 1132(a)(1)(B), it has held that the Plan Administrator is also a proper defendant.

Based on a reading of the Complaint as a whole, the Plaintiff failed to include allegations establishing that MasterCard International, Inc or MasterCard Technologies, Inc. is a proper defendant under 29 U.S.C. § 1132(a)(1)(B). See Buchanan v. Magellan Health, Inc., No. 4:18-cv-130-NCC, 2018 WL 4932533 (E.D.Mo Oct. 11, 2018). In this case, Defendants are not the plan administrator. Additionally, even if Defendants are functional fiduciaries, the Plaintiff does not allege that Defendants exercised discretionary authority regarding his claim for benefits or appeals. See Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 438 (6th Cir. 2006),  see also Brown v. J.B. Hunt Transport Servs., Inc., 586 F.3d 1079, 1081, 1088 (8th Cir. 2009) (upholding dismissal of employer on summary judgment when the claims administrator, not the employer was responsible for processing claims, determining eligibility, and paying benefits under the plan). Under ERISA a person is a fiduciary only with respect to aspects of the plan over which they exercise authority

14

or control. Id. Here, the Plan names the insurance company issuing the policy as the claims administrator and gives it control over reviewing claims and making claims determinations. See MasterCard International Incorporated Health Care Plan, ECF No. [1-2] at 60. Therefore, Defendants are not fiduciaries with respect to claims adjudication and are not the proper defendants for a claim under 29 U.S.C. §1132(a)(1)(B). Accordingly, I will grant Defendants' motion to dismiss as to Plaintiff's claim for Breach of Contract.

Count 3: Fraud

Plaintiff's last claim alleges that Defendants committed fraud by misrepresenting the nature of his late wife's benefits. In particular, Plaintiff alleges that Defendants fraudulently represented to him that he was entitled to life insurance benefits in the amount three times his late wife's salary and then failed to pay him said benefits. Although, Plaintiff's fraud claim was brought as a state law claim, which would be preempted by ERISA, it can be construed as a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3). Therefore, Defendants argue that Plaintiff's allegations fail to state a claim for fraud under 29 U.S.C. § 1132(a)(3) because they are not plan fiduciaries and the plaintiff does not properly allege detrimental reliance.

To the extent Plaintiff's claim is one for breach of fiduciary duty under 29 U.S.C. §1132(a)(3), it fails to state a claim upon which relief can be granted. As I discussed earlier, the representations alleged in the complaint do not amount to

15

misrepresentation. Additionally, to the extent Plaintiff is relying on the misrepresentations made after Mrs. Delker passed away, Plaintiff fails to sufficiently plead reliance. Plaintiff alleges that but for these misrepresentations he would have purchased additional insurance for his wife, but by the time Defendants made their misrepresentation regarding his entitlement to benefits, it was too late for him to purchase additional insurance.

Plaintiff also argues that the claim could also be brought under 29 U.S.C. §1132(a)(1), which does not require Plaintiff to sue a plan fiduciary. However, Plaintiff does not provide sufficient allegations, taken as true, to show that he is entitled to benefits under the plan. He alleges that Defendants promised to pay for his late wife's insurance, but he doesn't allege facts sufficient to establish that she was enrolled in life insurance for three times her salary and was entitled to benefits under the plan. Additionally, as discussed in the last section, Defendants are not the proper defendants under 29 U.S.C. §1132(a)(1). Accordingly, I will grant Defendants' motion to dismiss with respect to Plaintiff's Fraud claim.

## LEAVE TO AMEND

In the body of his response, plaintiff requests leave to file an amended complaint. Under Fed. R. Civ. P. 15(a)(2), I should liberally grant leave to amend a complaint "when justice so requires." Under this standard, I may deny a motion to amend based on "undue delay, bad faith, dilatory motive," or futility or undue prejudice to the non-

moving party. <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 225 (8th Cir. 1994).

Because I am dismissing the Plaintiff's complaint in its entirety, his request for leave to amend is moot. Additionally, given that Plaintiff has had multiple opportunities to amend his complaint and has failed to plead misrepresentation or entitlement to benefits under the plan, amendment would be futile. Therefore, I will not grant Plaintiff's request for leave to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss, ECF No. [54], is **GRANTED**.  This case is **DISMISSED** with prejudice.

A separate order of dismissal will be issued herewith.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of November 2020.